

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

October 1, 1947

Mrs. E. L. Avery,
President, State Board
of Hairdressers and
Cosmetologists,
Austin, Texas.

Opinion No. V-392

Re: Authority of Board to
Require Separation of
Beauty Shops from Liv-
ing Quarters by a
Solid Wall.

Dear Mrs. Avery:

Your recent letter asks whether, in the opin-
ion of this department, the Board of Hairdressers and
Cosmetologists can require beauty shop owners who have
shops with openings into residential or sleeping quar-
ters to separate their beauty shops from such quarters
by a solid wall.

Section 10(a), Senate Bill No. 131, 50th Leg-
islature, provides, in part, as follows:

"It shall be unlawful for a person,
firm or corporation to operate a beauty
shop or a beauty school as defined in
this Act unless the same is a bona fide
establishment with a permanent and de-
finite location completely and permanent-
ly separated by solid walls with no open-
ings from rooms used wholly or in part
for residential purposes." (Emphasis ours)

The following is provided in Section 20(a) of
the Act:

"That each of the following offens-
es shall constitute a misdemeanor punish-
able on conviction in a court of compe-
tent jurisdiction by a fine of not less
than twenty-five ($25.00) Dollars, nor
more than One Hundred ($100.00) Dollars:
(a) The violation of any of the provisions
of this Act."

In Section 15 of Senate Bill No. 131, it is

said that:

"The Board shall neither refuse to renew, nor shall it suspend nor revoke any certificate of registration, for any of the causes enumerated in this Act, except for failure of applicant to furnish the Board with a health certificate and Wasserman test, as required by Section 9(b) of this Act, showing such applicant and/or licensee to be free from contagious or infectious disease as determined by a general examination and such test, unless the accused has been convicted of violation of the provisions of this act in a court of competent jurisdiction; however, upon any such conviction, the Board may suspend or revoke any such certificate of license or registration after giving the person so convicted at least twenty (20) days written notice of time and place of hearing before the Board for such purpose." (Emphasis ours).

Section 17 of the Act provides that:

"The Board may either refuse to issue or renew, or may suspend, or revoke, any certificate of registration or license, for failure to furnish the Board with a health certificate and Wasserman test, as required by Section 9(b) of this Act, showing such applicant and/or licensee to be free from contagious or infectious disease as determined by a general examination and such tests, or for any one or combination of the following causes: (h) Violation of any of the regulations described in this Act after conviction thereof by a court of competent jurisdiction." (Emphasis ours)

In view of the plain provisions of the Act above quoted, it is our opinion that a beauty shop must be separated from rooms used wholly or in part for residential or sleeping purposes. But before the Board can refuse to issue or to renew, or suspend or revoke any certificate of registration or license for the violation of this provision of the law (Section 10a), there must be a conviction thereof by a court of competent juris-

diction.

## SUMMARY

Senate Bill 131, 50th Legislature, requires that beauty shops be separated from living quarters by solid walls. The State Board of Hairdressers and Cosmetologists has authority to refuse the issuance or renwal, or cause the suspension or revocation of any certificate of registration or license for violation of the regulation concerning solid walls only after final conviction thereof by a court of competent jurisdiction.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Clyde B. Kennelly
Clyde B. Kennelly
Assistant

CBK:mw

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL